UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AMY ELIZABETH CONNOR BOWEN, )<br>)<br>Plaintiff, )<br>)<br>VS. )<br>)<br>BRAD DOUGLAS PAISLEY, )<br>CARRIE MARIE UNDERWOOD, )<br>JOHN KELLEY LOVELACE, )<br>CHARLES CHRISTOPHER DUBOIS, )<br>FRANK MANDEVILLE ROGERS V, )<br>SEA GAYLE MUSIC, LLC, )<br>EMI APRIL MUSIC, INC, )<br>EMI MUSIC PUBLISHING, INC., )<br>SONY MUSIC HOLDING, INC. )<br>d/b/a SONY MUSIC ENTERTAINMENT and )<br>d/b/a ARISTA NASHVILLE, )<br>)<br>Defendants. ) | CASE NO. _____<br><br><br><br><br><br><br><br><br><br><br><br><br><br>JURY DEMANDED |

**VERIFIED COMPLAINT FOR DAMAGES
AND INJUNCTION FOR COPYRIGHT INFRINGEMENT
AND RELATED CLAIMS**

NOW COMES, Plaintiff, AMY ELIZABETH CONNOR BOWEN, and files this Verified Complaint for Damages and Injunction for Copyright Infringement and Related Claims, and alleges as follows:

**I.    JURISDICTION AND VENUE**

1.    This is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq., and related claims. This Court has original and exclusive jurisdiction under 27 U.S.C. §§ 1331, 1338(a) and 1338(b), and under its supplemental jurisdiction.

2. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(a).

## II. PARTIES

3. Plaintiff, AMY ELIZABETH CONNOR BOWEN ("Plaintiff"), is a performing artist and composer known as "Lizza Connor", who recently relocated from Nashville, TN to Dallas, TX.

4. Upon information and belief, Defendant BRAD DOUGLAS PAISLEY ("Paisley"), is a producer of musical recordings and a recording artist and entertainer professional known as "Brad Paisley", a composer and/or publisher, and a resident of Tennessee and this judicial district.

5. Upon information and belief, Defendant CARRIE MARIE UNDERWOOD ("Underwood"), is a producer of musical recordings and a recording artist and entertainer professional known as "Carrie Underwood", a composer and/or publisher, and a resident of Tennessee and this judicial district.

6. Upon information and belief, Defendant JOHN KELLEY LOVELACE ("Lovelace") is a resident of Tennessee and this judicial district.

7. Upon information and belief, Defendant CHARLES CHRISTOPHER DUBOIS ("DuBois") is a resident of Tennessee and this judicial district.

8. Upon information and belief, Defendant FRANK MANDEVILLE ROGERS V, ("Rodgers") is a resident of this judicial district.

9. Upon information and belief, Defendant SEA GAYLE MUSIC, LLC ("Sea Gayle"), has its principal place of business at 1221 17th AVE South, Nashville, TN 37212-2801, and may be served through its Registered Agent, Defendant Charles Christopher Dubois at 1221 17th AVE South, Nashville, TN 37212-2801.

10. Upon information and belief, Defendant EMI APRIL MUSIC, INC. ("EMI April"), has its principal place of business at 75 9th AVE, FL 4, New York, NY 10011, and may be served through its Registered Agent, The Prentice-Hall Corporation System, Inc. at 2908 Poston AVE, Nashville, TN 37203-1312.

11. Upon information and belief, Defendant EMI Music Publishing, Inc. ("EMI Publishing"), has its principal place of business at 75 9th AVE, FL 4, New York, NY 10011, and may be served through its Registered Agent, The Prentice-Hall Corporation System, Inc. at 2908 Poston AVE, Nashville, TN 37203-1312.

12. Upon information and belief, Defendant SONY MUSIC HOLDING, INC. d/b/a SONY MUSIC ENTERTAINMENT and d/b/a ARISTA NASHVILLE ("Sony"), has its principal place of business at 550 Madison AVE, New York, NY 10022, and may be served through its Registered Agent, Corporation Service Company at 2908 Poston AVE, Nashville, TN 37203.

13. Whenever the term "Defendants" is utilized within this Complaint, such term collectively refers to and includes all named Defendants in this lawsuit unless otherwise specified.

### III. BACKGROUND FACTS

14. Plaintiff is and has been a performing artist and composer of music. Plaintiff is known for her songwriting skills and voice and is regularly booked at various music venues throughout Nashville, Tennessee and beyond.

15. In the Fall of 2007, Plaintiff wrote a chorus, melody and lyrics to a song entitled **"Remind Me"**. By March of 2008, Plaintiff had revised the song and put it into its final form. At that time, plaintiff recorded **"Remind Me"** in MP3 form.

16. On October 15, 2008, Plaintiff submitted **"Remind Me"** with a collection of songs to be copyrighted with the United States Copyright Office. A copy of the Form PA and music and lyric sheet for "Remind Me" is attached hereto as Exhibit "A".

17. Plaintiff received her Certificate of Registration for **"Remind Me"** effective December 3, 2008. A true and exact copy of the Certificate of Registration is attached hereto as Exhibit "B".

18. Upon information and belief, on or about February 9, 2011, Defendants Paisley and Underwood recorded a song allegedly written by Defendants Paisley, Lovelace and DuBois entitled **"Remind Me"**. This song was released by Defendants on or about May 23, 2011.

19. Upon information and belief, the song entitled **"Remind Me"** performed by Defendants Paisley and Underwood, and purportedly written by Defendants Paisley, Lovelace and DuBois was copied from her **"Remind Me"** song. The two songs are substantially similar.

20. Defendants had access to her song based upon the following facts:

*I.  Country Music Songwriting Workshop held at Major Bob Music in Nashville, Tennessee*

21. In February through May of 2008, Plaintiff was one of ten songwriters to attend a 14-week, Country Music Songwriting Workshop ("the Workshop") held at Major Bob Music in Nashville, Tennessee. The cost of the Workshop was $500, and the advertised purpose of the Workshop was "to advance the songwriting skills of a select group of writers through intensive song critiques."

22. Mentoring was also a component of the program, the "end goal" of which was "to produce a well-informed writer who not only has greatly improved his/her ability to write, but who has also come to understand the importance of the business of songwriting." Program advisors included, among others, Defendants Lovelace and DuBois.

23. Throughout the Workshop, Plaintiff performed "**Remind Me**," believing it to be one of her most unique and marketable songs. For example, on March 3, 2008, Plaintiff submitted and performed live with her guitar her song **"Remind Me"** for intensive critique to Defendant Lovelace, the featured advisor for that week. During her performance, Plaintiff noted that the song should be a duet.

II. *Plaintiff's Live Public Performances of "Remind Me"*

24. Because people in the industry, including the program advisors at the Workshop, deemed "**Remind Me**" the Plaintiff's most commercial song, the Plaintiff always included it as part of her set list when she played live in and around Nashville, Tennessee. Throughout 2008 to 2011, Plaintiff's public performances of "**Remind Me**" include, but are not limited to, performances at the following:

   a. September 2, 2008 – French Quarter Café, Writers Round, Nashville, TN, 7 pm;

   b. October 27, 2008 – Dan McGuinness Pub, Girl's Night, Nashville, TN, 8:00 pm;

   c. October 28, 2008 – French Quarter Café with Scott Carter, Sarah Popejoy & Dionna Devin, Nashville, TN, 8:30 pm;

   d. November 10, 2008 – Dan McGuinness Pub, Girl's Night, Nashville, TN, 7:30 pm;

   e. November 21, 2008 – Bluebird Café with Andrew Osenga, Matthew Perryman Jones, Nashville, TN, 6:30 pm;

   f. February 25, 2009 – Hotel Indigo, Women in Music Business Showcase, Nashville, TN, 6:00 pm;

g. September 4, 2009 – House Concert, Nashville, TN, 9:00 pm;

h. September 26, 2009 – Flat Rock Music Festival, North Carolina, 10:00 am and 5:00 pm;

i. September 26, 2009 – Live In The Studio with WDVX/105.9 w/ DJ Tony Lawson, Knoxville, TN, 5:00 pm;

j. October 16, 2009 – House Concert, Nashville, TN;

k. November 14, 2009 – House Concert, Nashville, TN;

l. December 30, 2009 – Bluebird Café with Dennis Dunn, Josh Byrd and Mare Wakefield, Nashville, TN, 6:30 pm;

m. February 6, 2010 – Benefit for Southeast Asia Missions, Grace Community Church, Nashville, TN;

n. March 17, 2010 – Bluebird Café with Christopher Williams, Brandon Heath and Paul Bogart, Nashville, TN, 6 pm;

o. April 16, 2010 – Commodore Lounge, Women in Music Business (WMBA), Nashville, TN, 6:30 pm;

p. July 10, 2010 – The Feed Mill, Nolensville, TN, 7:00 pm;

q. October 20, 2010 – Bluebird Café with Richard Trest, Mare Wakefield and Dennis Dunn, Nashville, TN, 6:00 pm;

r. January 29, 2011 – Bluebird Café with Clayton Anderson, Mare Wakefield and Adam Wheeler, Nashville, TN, 6:30 pm; and

s. August 25, 2011 – Bluebird Café with Erik Bledsoe, Carl Cartee and Lindsay Jones, Nashville, TN, 6:30 pm.

During her performances, Plaintiff would often note that the song should be a duet.

Page 6 of 13

Case 3:13-cv-00414   Document 1   Filed 05/01/13   Page 6 of 13 PageID #: 6

### III. Plaintiff's "Remind Me" Publishing Deal with 3 Wire Music

25. Due to the growing interest in her song, by the end of 2008, Plaintiff garnered a single song publishing deal for **"Remind Me"** with Rod Creagh d/b/a 3 Wire Music ("3 Wire"). As publisher, 3 Wire paid to have a demo of **"Remind Me"** professionally cut, utilizing a studio, music engineer, and professional singers and musicians. With demo in hand, 3 Wire then employed song plugger Sherrill Blackman to pitch **"Remind Me"** to music labels, publishers and artists across Nashville over the next ten (10) months.

26. On September 21, 2009, Plaintiff entered into a Termination and Release Agreement ending 3 Wire's Single Song Publishing Agreement for **"Remind Me."** Simultaneously, 3 Wire executed an Assignment of Copyright agreement assigning, transferring and conveying any and all rights, title and interest to "Remind Me" back to Plaintiff that it may have acquired under the single song publishing deal.

27. These performances and publishing efforts undertaken during 2008-2011 made in and around the Nashville area granted Defendants access to hear, or a reasonable opportunity to hear, the plaintiff's work and thus provided the opportunity to copy.

28. Plaintiff is the sole owner of all the right, title and interest in and to the copyrighted material **"Remind Me"**.

29. Plaintiff has complied with all of the provisions of the copyright laws of the United States applicable to **"Remind Me"**.

30. Upon information and belief, Defendants internationally released and distributed Defendants' **"Remind Me"** which is substantially similar to Plaintiff's song **"Remind Me."**

31. Upon information and belief, retail sales of the Defendants' **"Remind Me"** exceeded 1,500,000 units.

32. Upon information and belief, Defendants claim ownership of certain rights in the song and sound recording. Labels and packaging for the Defendants' **"Remind Me"** identify Defendants Paisley, Lovelace and DuBois as authors of the song. The designation of the authors of the song is false because, in actuality, Plaintiff authored the song.

33. Upon information and belief, Defendants' infringing and unauthorized copies were created through blatant and literal copying, altering and reproduction of the song.

34. At all material times hereto, Plaintiff has been and still is the sole owner of all right, title and interest in and to the copyright in **"Remind Me"**.

35. Any and all lyrical or musical contributions of Defendants to Plaintiff's song amount to unauthorized and infringing adaptation.

36. Defendants applied to the Register of Copyrights for a Certificate of Registration for its infringing copies of Plaintiff's Collection.

37. Defendants' applications for registration of copyright do not designate Plaintiff as owner and/or author of the song.

38. Upon information and belief, Defendants knowingly and willfully copied and prepared unauthorized and infringing derivative works of Plaintiff's song. Defendants copied the song for the specific purposes of infringing Plaintiff's copyright and selling illegal and unauthorized copies of the song.

39. Since at least as early as May 2011, Defendants have been reproducing, distributing and offering for sale illegal and unauthorized copies of the song.

40. Since at least as early as 2011, Defendants have been publicly performing Plaintiff's song.

41. The natural, probable and foreseeable result of Defendants' wrongful conduct has been and will continue to deprive Plaintiff of the benefits of selling Plaintiff's song and its other products, to deprive Plaintiff of goodwill, and to injure Plaintiff's relations with present and prospective customers.

42. Plaintiff is informed and believes, and on that basis alleges, that unless enjoined by this Court, Defendants intend to continue their course of conduct to wrongfully use, infringe upon, sell and otherwise profit from Plaintiff's song and works derived from it. As a direct and proximate result of the acts of Defendants alleged above, Plaintiff has already suffered irreparable damage and has sustained lost profits. Plaintiff has no adequate remedy at law to redress all of the injuries that Defendants have caused and intend to cause by its conduct. Plaintiff will continue to suffer irreparable damage and sustained lost profits until Defendants actions alleged above are enjoined by this Court.

43. Defendants have received substantial monies from the sale of the referenced infringing song and recording, performance of the works and otherwise.

44. Defendants have licensed performances of the song in the United States and other countries of the world, and have collected royalties on behalf of the Defendants from such performances.

### IV. FIRST CLAIM FOR RELIEF: Declaratory Judgment

45. Plaintiff realleges each and every allegation as set forth in paragraphs 1 through 44, inclusive and incorporates them herein by this reference.

46. At all times material hereto Plaintiff was and continues to be the owner of an undivided interest in and to the song. An actual controversy has arisen between Plaintiff and

Defendants, in that Defendants' actions suggest that Plaintiff is not the author or owner of the song.

47. Pursuant to 28 U.S.C. § 2201, Plaintiff requests that the Court issue a decree declaring that Plaintiff is owner of the song **Remind Me**, within the meaning of 17 U.S.C. § 201(a).

### V. SECOND CLAIM FOR RELIEF: Copyright Infringement
### (17 U.S.C. §§ 101 et seq.)

48. Plaintiff alleges each and every allegation set forth in paragraphs 1 through 44, inclusive and incorporates them herein by this reference.

49. From time to time subsequent to the recording of Defendants' **"Remind Me"**, Defendants, respectively, infringed upon Plaintiff's statutory copyright, including by substantial copying; publicly performing; making and distributing, or authorizing the making and distributing of phonorecords; participating in and furthering such infringing acts, or sharing in the proceeds therefrom, all through copying of constituent elements and substantial use of Plaintiff's song in and as part of Defendants' **"Remind Me"**, falsely claimed to be authored by Defendants Paisley, Lovelace and Dubois and recorded by Paisley and Underwood.

50. Upon information and belief, the respective infringing acts of Defendants include, but are not limited to, the following:

   a. Defendants participated in and contributed to the copying of Plaintiff's song in the creation of the infringing song, entitled **"Remind Me"**.

   b. Defendants participated in and/or contributed to the making and distribution of phonorecords, in the United States and various other territories of the world, serving to reproduce mechanically Paisley and Underwood's recording of **"Remind Me"**.

Case 3:13-cv-00414   Document 1   Filed 05/01/13   Page 10 of 13 PageID #: 10

  c. Defendants participated in and contributed to public performances of Paisley and Underwood's rendition of **"Remind Me"**, including performances utilizing recording of **"Remind Me"**.

51. Defendants' respective infringing acts were, and if continued, hereafter will be committed willfully.

## VI.   THIRD CLAIM FOR RELIEF: Accounting

52. Plaintiff realleges each and every allegation set forth in paragraphs 1 through 44 and 49-51, inclusive and incorporates them herein by this reference.

53. This Court has jurisdiction over this claim under the doctrine of pendent jurisdiction.

54. Defendants have released and sold to the public sound recordings, lyric sheets and/or other materials embodying the infringing Song and Sound Recording from May 2011 to the present, and Defendants from May 2011 to the present have licensed performances of the Song and Sound Recording. As a result of such sales and licensing, Defendants have received substantial sums of money the exact amount of which is at this time unknown, but is believed to exceed Ten Million Dollars ($10,000,000.00). All sums received to date and to be received in the future are payable to Plaintiff.

55. The exact amount of money received by Defendants is unknown to Plaintiff and can only be determined by an accounting. Plaintiff is informed and believes and on that basis alleges that the profits realized to date from the Infringing Works are in excess of Ten Million Dollars ($10,000,000.00) and in light of Defendants willful infringement, Plaintiff's share of such profits is 100%.

## VII.   RELIEF REQUESTED

WHEREFORE, Plaintiff prays for judgment against all Defendants as follows:

For the FIRST CLAIM:

    A.    That the Court issue a decree declaring that Plaintiff is owner of the copyright in the song.

    B.    That the Court issue a decree declaring that any registration that any Defendant may have in the song be declared invalid.

    C.    That Defendants pay to Plaintiff the costs of this action, including reasonable attorney's fees to be allowed to Plaintiff by this Court.

    D.    That Plaintiff have such other and further relief as is just and proper.

For the SECOND and THIRD CLAIMS:

    A.    The Defendants, and each of them, and their respective agents, servants, and representatives, be enjoined during the pendency of this action and permanently, from infringing Plaintiff's statutory copyright in any manner, including from disposing of copies of, and making and distributing phonorecords of, the recording of **"Remind Me"**, and from licensing and contributing to or participating in and furthering any infringing acts.

    B.    That Defendants and each of them, be required to account for all gains, profits and advantages derived by Defendants from each of their infringements of the statutory copyright, and pay to Plaintiff such damages as Plaintiff has sustained in consequence of each infringement of said copyrights; or such damages as to this Court shall appear proper within the provisions of the Copyright Law.

    C.    That Defendants pay to Plaintiff the costs of this action, including reasonable attorneys' fees to be allowed to Plaintiff by this Court.

    D.    That Plaintiff have such other and further relief as is just and proper.

Respectfully submitted, this 30th day of April, 2013.

Kenneth L. Connor
TN State Bar No. 20585
Ken@theconnorfirm.com
C. Caleb Connor
TN State Bar No. 031481
Caleb@theconnorfirm.com

CONNOR & CONNOR, LLC
224 Park Ave SE
Aiken, SC 29801
(803) 226-0543
(800) 480-9715 facsimile

ATTORNEYS FOR PLAINTIFF

## VERIFICATION

PERSONALLY APPEARED before the undersigned, an officer duly authorized by law to administer oaths, Amy Elizabeth "Lizza" Connor Bowen, being first duly sworn, deposes and says that the facts set forth in the within and foregoing Verified Complaint For Damages are true and correct to the best of her knowledge and belief.

This 23 day of April, 2013.

Amy Elizabeth "Lizza" Connor Bowen

Sworn to and subscribed before me,
this 23 day of April, 2013.

_____
Notary Public



GREGORY PETERSON
Notary Public
STATE OF TEXAS
My Comm. Exp. 02-09-17

Page 13 of 13