UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AMY ELIZABETH CONNOR BOWEN, ) | |
| ) | |
| Plaintiff, ) | Case No. 3-13-0414 |
| ) | Judge Trauger |
| vs. ) | Magistrate Judge Bryant |
| ) | |
| BRAD DOUGLAS PAISLEY, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

Defendants Brad Paisley, Carrie Underwood, John Kelley Lovelace, Chris DuBois, Frank Rogers, Sea Gayle Music, LLC, EMI April Music Inc., and Sony Music Entertainment d/b/a Arista Nashville respectfully submit this Memorandum of Law in support of their motion, pursuant to Fed. R. Civ. P. 12(b)(6), for an order dismissing the Amended Complaint of Plaintiff Amy Elizabeth Connor Bowen ("Connor" or "Plaintiff") with prejudice.

## SUMMARY OF ARGUMENT

This is an action for copyright infringement. In her Amended Complaint,[1] Connor alleges that she is the author and copyright owner of a musical composition entitled "Remind Me" (hereafter, the "Plaintiff's Composition"). Connor further alleges that Plaintiff's Composition was copied without authorization by another musical composition that is also entitled "Remind Me" (hereafter, the "Defendants' Composition").

---

[1] Plaintiff Connor's original Complaint in this action was verified. She has elected not to verify this amended pleading, which contains numerous new allegations, including musicological assertions that appear to have been drawn from an undisclosed "expert" musicologist's report. For the avoidance of doubt, Defendants strongly disagree with these musicological assertions.

1

Defendants' Composition was co-authored by Defendants Paisley, Lovelace and DuBois, and was recorded by Defendants Paisley and Underwood, who are prominent country music entertainers.[2] Both Plaintiff's Composition and Defendants' Composition are country music songs, which Plaintiff alleges are "substantially similar." Based upon these allegations, Plaintiff has asserted a single claim against all Defendants for copyright infringement.

In order to prevail on her claim for copyright infringement, Plaintiff bears the burden to plausibly plead and then prove, *inter alia*, that the songs at issue are "substantially similar." Under Sixth Circuit precedent, to determine whether substantial similarity between two works exists, the Court must apply what is known as the "modified ordinary observer" test. Pursuant to this test, the Court must: (1) filter out the unprotectible elements that are shared by the two works; and then (2) determine whether "'the **ordinary observer**, unless he set out to detect the disparities [between the two works at issue], would be disposed to overlook [those disparities], and regard their aesthetic appeal as the same.'" *Pollick v. Kimberly-Clark Corp.*, 817 F. Supp. 2d 1005, 1011 (E.D. Mich. 2011) (emphasis added) (citation omitted).

In her original Complaint, Plaintiff failed to identify **any** similarities whatsoever between the two works at issue. Accordingly, Defendants moved to dismiss that Complaint on the ground that it was wholly insufficient to state a claim for copyright infringement under the pleading standards enunciated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). In response to that motion, Plaintiff has amended her complaint to allege that portions of the choruses of these two songs "sound essentially the same to the lay

---

[2] The other defendants are Rogers, the producer of the Paisley/Underwood recording of Defendants' Composition, and the music publishers and record label which are alleged by the Amended Complaint to have exploited Defendants' Composition in various ways.

listener."³ The Amended Complaint further cites alleged musical "similarities" between those choruses that are highly technical and indiscernible to any actual lay listener. None of these new allegations saves Plaintiff's claim, which must be dismissed.

In copyright infringement cases – including cases involving musical works – courts routinely grant Rule 12(b)(6) motions to dismiss when no reasonable, ordinary observer could find the works at issue to be substantially similar. *E.g., Pollick*, 817 F. Supp. 2d at 1011 ("'When a court is called upon to consider whether the works are substantially similar . . .' 'no discovery or fact-finding is typically necessary . . . .'") (citation omitted); *Gottwald v. Jones*, No. 11 Civ. 1432, 2011 WL 4344038, at *5 (S.D.N.Y. Sept. 12, 2011), *reconsid. denied*, 2011 WL 5289471 (S.D.N.Y. Nov. 3, 2011); *Pyatt v. Raymond,* No. 10 Civ. 2507, 2011 WL 2078531, at *8 (S.D.N.Y. May 19, 2011), *aff'd*, 462 Fed. Appx. 22 (2d Cir. 2012). *See also* additional case law citations *infra,* at fn. 12. That same result should apply here. Once the unprotectible elements of these two songs are excluded, no reasonable, ordinary observer would consider any portion of these two works to be similar. Plaintiff's conclusory allegation that portions of the works "sound essentially the same to the lay listener" is entirely implausible, and therefore fails under *Iqbal* and *Twombly*. Moreover, Plaintiff's allegations regarding purported musicological similarities are simply irrelevant under the "ordinary observer" test because those alleged similarities cannot be discerned by the lay public who is the intended audience for country music. *See Kohus v. Mariol,* 328 F.3d 848, 856 (6th Cir. 2003).

The Sixth Circuit has recognized that "[c]opyright infringement, like anti-trust actions,

---
³ The only lyrical similarity alleged by Plaintiff is the use in both songs of the commonplace phrase "remind me" and the slightly modified and colloquial "baby, remind me." As explained *infra,* neither of these short and unremarkable phrases is entitled to copyright protection, alone or in combination.

5456610.7/45187-00001

lends itself readily to abusive litigation, since the high cost of trying such a case can force a defendant who might otherwise be successful in trial to settle in order to avoid the time and expenditure of a resource intensive case. Therefore, greater particularity in pleading, **through showing 'plausible grounds,'** is required." *Nat'l Bus. Dev. Servs. v. Am. Credit Educ. & Consulting, Inc.*, 299 Fed. Appx. 509, 511 (6th Cir. 2008) (emphasis added). Defendants respectfully submit that this Amended Complaint should be dismissed in its entirety with prejudice, before they incur further burden and expense, because Plaintiff's claim is not merely implausible, but in fact cannot succeed as a matter of law under any circumstance.

## PROCEDURAL HISTORY

Plaintiff commenced this action on May 1, 2013. (DE #1.) The original Complaint contained three claims: a claim for copyright infringement, a claim for a declaration as to Plaintiff's ownership of "Remind Me," and a claim for an accounting of profits earned by Defendants from Defendants' Composition. (*Id.*) On July 2, 2013, Defendants filed a motion to dismiss the entire Complaint pursuant to Rule 12(b)(6) for failure to state a claim. (DE #31.) In response to that meritorious motion, Plaintiff filed her Amended Complaint on July 19, 2013 (DE #39), dropping her declaratory judgment and accounting claims and proceeding only with a single claim for copyright infringement (with new, supplemental allegations).

## THE ALLEGATIONS OF THE AMENDED COMPLAINT

Plaintiff alleges in the Amended Complaint that she is the author and sole copyright owner of Plaintiff's Composition, which she claims to have completed writing by March 2008. (Am. Compl. ¶¶ 14, 73.) Plaintiff further alleges that she registered this work with the Copyright Office in October 2008, and obtained Copyright Registration No. PAu 3-375-692 for it. (*Id.* ¶¶ 16, 17, and Ex. B.) Plaintiff deposited a sound recording of her performance of Plaintiff's

4

5456610.7/45187-00001

Case 3:13-cv-00414   Document 51   Filed 08/05/13   Page 4 of 20 PageID #: 339

Composition (hereafter, the "Registered Recording") with the Copyright Office as the work being registered. (*Id.* ¶ 16.)[4]

The Amended Complaint also contains allegations regarding a subsequent recording of Plaintiff's Composition, that was made pursuant to an alleged contractual relationship between Plaintiff and one Rod Creagh. (*Id.* ¶¶ 18, 33.) As discussed below, this subsequent recording (hereafter, the "Unregistered Recording") is irrelevant to this Court's consideration of this Motion because there is no allegation that it was ever registered with the U.S. Copyright Office.[5]

The Amended Complaint further alleges that Defendants' Composition was recorded by Defendants Paisley and Underwood in February 2011 and was "released by Defendants on or about May 23, 2011." (*Id.* ¶¶ 23, 24.)[6] It also alleges that all of the Defendants have exploited Defendants' Composition. (*See, e.g., id.* ¶ 74.) The Amended Complaint sets forth numerous alleged facts which Plaintiff contends establish that the writers of Defendants' Composition had

---

[4] A copy of the lyrics to Plaintiff's Composition which Plaintiff deposited with the U.S. Copyright Office is attached as Exhibit A to the August 5, 2013 Declaration of Jane G. Stevens (the "Stevens Decl.") and was attached to the original Complaint as Exhibit A. (DE #1.) The Registered Recording is "Track 1" on the DVD which Plaintiff has annexed to her Amended Complaint.

[5] The Unregistered Recording is "Track 2" on the DVD which Plaintiff has annexed to her Amended Complaint.

[6] A copy of the lyrics to Defendants' Composition is attached as Exhibit B to the Stevens Decl. A sound recording of Defendants' Composition ("Defendants' Recording") is attached to the Amended Complaint as "Track 3" on the DVD which Plaintiff has annexed to her Amended Complaint. In addition to containing Defendants' Recording, Track 3 also contains a short "fragment" from a different song by Defendant Paisley entitled "This Is Country Music." (This unrelated "fragment" begins at approximately 4:16 into Track 3.) Plaintiff does not contend that this "fragment" has any musical or lyrical similarities to Plaintiff's Composition (as there clearly are none).

access to her song prior to the creation of their own. (*Id.* ¶¶ 28-39.)[7]

Plaintiff further alleges that Defendants' Composition "copied and prominently used a qualitatively important element from" Plaintiff's Composition. (*Id.* ¶ 21.) However, the only lyrical similarity which Plaintiff alleges in her Amended Complaint is the use in both songs of the commonplace and unprotecible words "remind me" and "baby, remind me." (*See, e.g., id.* ¶¶ 42, 43.) The only musical similarities which Plaintiff alleges to exist are contained within the choruses of both songs – and specifically within the music that accompanies the unprotectible words "remind me" and "baby, remind me" within each song. (*See, e.g., id.* ¶¶ 40-50.) The Amended Complaint collectively refers to the words "remind me" and the various musical passages which accompany those words in each song as the "hook." (*Id.* ¶ 42.) The Amended Complaint further collectively refers to the words "baby, remind me" and the various musical passages which accompany those words in each song as the "partner phase." (*Id.* ¶ 43.)

Although the Amended Complaint concedes that the music which accompanies the words "remind me" and "baby, remind me" is quite different within each work and between the two works,[8] Plaintiff nonetheless implausibly alleges that the "hooks and partner phrases . . . [in Defendants' Composition] sound essentially the same to the lay listener as the hooks and partner phrases" in Plaintiff's Composition. (*Id.* ¶ 45.) In an attempt to bolster this contention, the

---

[7] Defendants do not challenge Plaintiff's access allegations solely for purposes of this Rule 12(b)(6) motion. If, *arguendo*, this action were to proceed on the merits (which it should not), Defendants will vigorously dispute those allegations and establish that their composition was independently created without reference to Plaintiff's Composition.

[8] *Inter alia*, Plaintiff admits that "the melodies that accompany the hooks and partner phrases are constantly varied," and that "it is rare for a rendition of 'remind me' or 'baby, remind me' to have precisely the same melody as another rendition of that lyrical phrase." (Am. Compl. ¶ 46.) (*See also id.* ¶ 47) (conceding "there are eight different melodies" in "the hooks and partner phrases" in Plaintiff's Composition and "sixteen different melodies" in "the hooks and partner phrases" in Defendants' Composition).

6

Amended Complaint asserts additional alleged musicological similarities between the choruses of Plaintiff's Composition and Defendants' Composition. These alleged similarities – which Defendants submit are not discernible to the lay listener – include that "the second iteration [of the hook in each song] always reaches a full tone higher than the first iteration," that the works allegedly share a "decent [*sic*] in pitch . . . by either a minor 3rd interval or a perfect 4th interval," and that "the melody that accompanies the lyric 'remind' is carried across a bar . . . ."[9] (*Id.* ¶¶ 44, 45.) Significantly, the Amended Complaint's allegations regarding musicological similarities are not limited to a comparison of Defendants' Recording and Plaintiff's Registered Recording, but instead also concern the Unregistered Recording. (*Id.* ¶¶ 40-49).[10] As discussed *infra*, the Unregistered Recording is not properly the subject of Plaintiff's copyright infringement claim, and should not be considered by the Court.

## ARGUMENT

### A. Standard of Review

#### 1. Fed. R. Civ. P. 12(b)(6) Standard

Generally, under Rule 12(b)(6), a district court must accept the material facts alleged in the Complaint as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987).

---

[9] Plaintiff also alleges the use in both works of a "double melisma." (Am. Compl., ¶ 45(c)). A "melisma" is "the singing of a single syllable of text while moving between several different notes in succession." It is a "common" musical technique "used by artists such as Whitney Houston, Mariah Carey, Beyoncé Knowles, Christina Aguilera, and Jennifer Hudson, among others." *See* http://en.wikipedia.org/wiki/Melisma.

[10] The Amended Complaint does not make clear whether the alleged musicological similarities set forth in the Amended Complaint concern the Registered Recording, the Unregistered Recording, or both. (*See, e.g.,* Am. Compl. ¶¶ 47, 48.) However, as set forth in more detail below, these alleged musicological similarities are irrelevant in all events because they are not discernible to "the lay audience [which] purchases [the allegedly infringing] product at issue . . . [whose] untutored judgment determines whether the product will sell." *Kohus v. Mariol,* 328 F.3d 848, 856 (6th Cir. 2003) (citing *Arnstein v. Porter*, 154 F.2d 464, 473 (2d Cir. 1946)).

7

However, the Court need not accept the Complaint's unsupported legal conclusions. *Ezell v. Metro. Gov. of Nashville and Davidson County*, 2012 WL 2601940 at *3 (M.D. Tenn. June 6, 2012) (citations omitted) (Trauger, J.). As the U.S. Supreme Court has made clear, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Thus, a litigant does not satisfy its pleading burden through "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *Claybrooks v. Am. Broad. Cos.*, 898 F. Supp. 2d 986, 991 (M.D. Tenn. 2012) (Trauger, J.). Dismissal of the Amended Complaint here should be with prejudice where any amendment would be futile (as it would be here given the lack of substantial similarity between the works at issue). *United States v. Healthspring, Inc.*, No. 3:10-1015, --- F. Supp. 2d ---, 2013 WL 1399344 at *11 (M.D. Tenn. Apr. 5, 2013) (Sharp, J.); *Daniels v. Morgan Asset Mgmt., Inc.*, 743 F. Supp. 2d 730, 743 (W.D. Tenn. 2010).

In adjudicating this Rule 12(b)(6) motion, the Court can and should consider the works at issue, and should only accept the allegations in the Amended Complaint as true "to the extent [the allegations] are consistent with the works themselves." *Allen v. Scholastic Inc.*, 739 F. Supp. 2d 642, 645 (S.D.N.Y. 2011) (citing *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.,* 602 F.3d 57, 64 (2d Cir. 2010)). Indeed, "[i]n copyright infringement actions, 'the works themselves supersede and control contrary descriptions of them,' including 'any contrary allegations, conclusions or descriptions of the works contained in the pleadings.'" *Gaito,* 602 F.3d at 64 (citations omitted). Also, in support of this Motion, the Defendants have contemporaneously filed a Request for Judicial Notice asking the Court to take notice of the lyrics of the compositions at issue in this dispute, and a printout from the website of the U.S.

8

Copyright Office (which is a public record). The Court should grant that request for the reasons stated therein. Additionally, "[i]n the context of copyright claims, the Court may take judicial notice of [the] generic [nature of certain] elements . . . [which are commonly contained in] creative works." *Zella v. E.W. Scripps Co.*, 529 F. Supp.2d 1124, 1129 (C.D. Cal. 2007).

### 2. Standard of Review for a Copyright Infringement Claim

To prevail on a claim for copyright infringement, a plaintiff must establish (1) ownership of a valid copyright, and (2) unauthorized copying of protectible material. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). When a plaintiff has no direct evidence of copying, "the plaintiff is permitted to establish 'an inference' of copying, by showing (1) that the defendant had 'access' to the allegedly infringed work and (2) that there is a 'substantial similarity between the . . . works at issue.'" *Brainard v. Vassar*, 625 F. Supp. 2d 608, 616 (M.D. Tenn. 2009) (quoting *Jones v. Blige*, 558 F.3d 485, 490 (6th Cir. 2009)). Access – which Defendants deny, but is not disputed solely for purposes of this Motion – "occurs when the defendant either hears or has a 'reasonable opportunity' to hear the plaintiff's work." *Id.*

The Sixth Circuit applies a two-step approach to determining substantial similarity. The "first step" of this test "'requires identifying which aspects of the artist's work, if any, are protectible by copyright,' [and] the second [step] 'involves determining whether the allegedly infringing work is 'substantially similar' to protectible elements of the artist's work.'" *Stromback v. New Line Cinema*, 384 F.3d 283, 294 (6th Cir. 2004) (quoting *Kohus v. Mariol,* 328 F.3d 848, 855 (6th Cir. 2003)). The first step is a necessary element of the substantial similarity analysis because copyright protection extends only to the original components of a work: those elements that were created independently by the author and that possess some minimal degree of creativity. *Id*. Thus, courts must filter out *scenes a faire*, which are those

elements that follow naturally from the work's theme rather than from the author's creativity. *Id*. Additionally, "[c]ourts have consistently held that common words and clichéd language are not subject to copyright protection." *Pendleton v. Acuff-Rose Publications, Inc.*, 605 F. Supp. 477, 486 (M.D. Tenn. 1984) (also finding no infringement where the manner expressing similar themes was dissimilar). Short phrases, slogans and titles are also not subject to copyright protection. *Id.*; *Chapman v. Universal Motown Records Grp.*, No. 08 Civ. 3255 (LAP), 2010 WL 517480, at *4 (S.D.N.Y. Feb. 4, 2010); 37 C.F.R. § 202.1(a).

In performing the first step of the substantial similarity analysis, the Court should also be mindful that "copyright protection extends only to expression of ideas and not to ideas themselves." *Stromback*, 384 F.3d at 296. *Accord*, 17 U.S.C. § 102(b) ("In no case does copyright protection for an original work of authorship extend to any idea . . . [or] concept . . . regardless of the form in which it is described, explained, illustrated or embodied . . . .").

Once the unprotectible elements have been filtered out, the second step is to determine whether "'the ordinary observer, unless he set out to detect the disparities [between the two works at issue], would be disposed to overlook [those disparities], and regard their aesthetic appeal as the same.'" *Pollick*, 817 F. Supp. 2d at 1011 (quoting *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.*, 274 F.2d 487, 489 (2d Cir. 1960)). Because the test is one of the "ordinary observer, "[w]hen a court is called upon to consider whether the works are substantially similar . . .' 'no discovery or factfinding is typically necessary . . . .'" *Pollick*, 817 F. Supp. 2d at 1011 (quoting *Gaito*, 602 F.3d at 64). Indeed, "where, as here, the subject matter is not complex or technical, such as a computer program or a functional object, . . . but instead involves a literary work aimed at a general audience, **expert testimony will seldom be necessary to determine substantial similarity**." *Stromback*, 384 F.3d at 295 (emphasis added)

10

5456610.7/45187-00001
Case 3:13-cv-00414   Document 51   Filed 08/05/13   Page 10 of 20 PageID #: 345

(citation omitted) (italics in original).

### 3. This Court Should Not Consider Plaintiff's Unregistered Sound Recording

Defendants respectfully submit that, in adjudicating this Motion, the Court should disregard the Unregistered Recording (and all of Plaintiffs' musicological assertions regarding that recording). This is because Section 411(a) of the Copyright Act (17 U.S.C. § 411(a)) "requires that the copyright be registered before it can be asserted as a basis for infringement in federal court." *Murray Hill Publ'ns v. ABC Communs*, 264 F.3d 622, 630 (6th Cir. 2001) (holding that "plaintiffs cannot bring an action for infringement of their copyright on the Song because it was not registered with the United States Copyright Office").[11]

## B. The Complaint Fails To State A Claim For Copyright Infringement

### 1. No "Substantial Similarity" Exists Between The Two Songs At Issue

The law is clear that, if no reasonable juror could find the works at issue to be substantially similar, the Court should dismiss the action at the Rule 12(b)(6) stage.[12] As set forth below, Plaintiff's claim for copyright infringement should be dismissed with prejudice

---

[11] However, to the extent that the Court does consider the Unregistered Recording in adjudicating this Motion, dismissal with prejudice is still warranted because it also shares no protectible lyrical and/or musical similarities with Defendants' Composition.

[12] *Nelson v. PRN Productions, Inc.*, 873 F.2d 1141, 1143 (8th Cir. 1989); *Pollick*, 817 F. Supp. 2d at 1011 (citing *Gaito,* 60 F.3d at 64); *Hobbs v. John*,--- F.3d ---, 2013 WL 3717764 at *5 (7th Cir. July 17, 2013); *Gottwald v. Jones*, No. 11 Civ. 1432, 2011 WL 4344038, at *5 (S.D.N.Y. Sept. 12, 2011), *reconsid. denied*, 2011 WL 5289471 (S.D.N.Y. Nov. 3, 2011); *Pyatt v. Raymond,* No. 10 Civ. 2507, 2011 WL 2078531, at *8 (S.D.N.Y. May 19, 2011), *aff'd*, 462 Fed. Appx. 22 (2d Cir. 2012); *Adams v. Warner Bros. Pictures Network*, No. 05 Civ. 5211, 2007 WL 1959022, at *5 (E.D.N.Y. June 29, 2007), *aff'd*, 289 Fed. Appx. 456 (2d Cir. 2008); *Le Book Publ'g, Inc. v. Black Book Photography, Inc.*, 418 F. Supp. 2d 305, 310 (S.D.N.Y. 2005); *Bell v. Blaze Magazine*, No. 99 Civ. 12342, 2001 WL 262718, at *3-4 (S.D.N.Y. Mar. 16, 2001); *Boyle v. Stephens, Inc.*, No. 97 Civ. 1351, 1998 WL 80175, at *4, 6 (E.D.N.Y. Feb. 25, 1998), *aff'd*, 21 Fed. Appx. 76 (2d Cir. 2001).

because, after extracting the unprotectible elements from Plaintiff's Composition and Defendants' Composition, no reasonable ordinary observer could conclude that the balance of either the lyrics or music in the works at issue are substantially similar.

### a. The Lyrics Are Not Substantially Similar

The only similarities between the lyrics of Plaintiff's Composition and Defendants' Composition are unprotectible elements which must be disregarded in conducting the Sixth Circuit's "modified ordinary observer" substantial similarity analysis. For the convenience of the Court, the lyrics of both works are set forth below in a side-by-side comparison.

| **Plaintiff's Composition** | **Defendants' Composition** |
| --- | --- |
| *(Verse 1)* | *(Verse 1)* |
| I found a picture in a shoebox under my bed<br>It's a little worn around the edges<br>All these years I've kept it | We didn't care if people stared<br>We'd make out in a crowd somewhere<br>Somebody'd tell us to get a room<br>It's hard to believe that was me and you |
| It's you and me on the back porch<br>Drinking cheap wine<br>Stomach full of butterflies<br>Both of us with big smiles<br>That's when I knew I loved you for the first time | Now we keep saying that we're okay<br>But I don't want to settle for good, not great<br>I miss the way that it felt back then<br>I wanna feel that way again |
| CHORUS<br>All it takes is one kiss to remind me<br>All I need is your touch to remind me<br>Yesterday's gone/ v2- I don't think we're too far gone /v3-I'm still holding on<br>Take me to the place we started from<br>When love was young<br>Baby, Remind me | *(Chorus)*<br>Been so long, bet you forget<br>The way I used to kiss your neck<br>Remind me, remind me<br>So on fire, so in love<br>Way back when we couldn't get enough<br>Remind me, remind me |
| *(Verse 2)*<br>"You've always been my happy ending"<br>That's what the card says<br>On the roses you sent | *(Verse 2)*<br>Remember the airport, dropping me off<br>We were kissing goodbye and we couldn't stop<br>And I felt bad 'cause you missed your flight<br>But that meant we had one more night |
| So it's just me on the front porch<br>Drinking champagne | *(Chorus)*<br>Do you remember how it used to be? |

| | |
|---|---|
| Maybe next year we'll celebrate<br>When you don't have to work late<br>What I'd give for cheap wine and you by my side<br><br>CHORUS<br><br>(Bridge)<br>Nobody said love would be easy<br>And there's only one way back to what we used to be<br><br>CHORUS | We'd turn out the lights and we didn't just sleep<br>Remind me, baby, remind me<br>Oh, so on fire, so in love<br>That look in your eyes that I miss so much<br>Remind me, baby, remind me<br><br>(Bridge)<br>I wanna feel that way<br>Yeah, I wanna hold you close<br>Oh, if you still love me<br>Don't just assume I know<br><br>Oh baby, remind me<br>Remind me<br>Yeah<br><br>(Chorus)<br>Do you remember the way it felt?<br>You mean back when we couldn't control ourselves?<br><br>Remind me, yeah, remind me<br>All those things that you used to do<br>That made me fall in love with you<br>Remind me, oh baby, remind me<br>Yeah, you'd wake up in my old t-shirt<br>All those mornings I was late for work<br>Remind me, oh baby, remind me, yeah<br><br>(Outro)<br>Oh baby, remind me<br>Baby, remind me, yeah, oh<br>Yeah, you'd wake up in my old t-shirt<br>Yeah, oh<br>Baby, remind me |

The only lyrical similarities alleged in the Amended Complaint are the words "remind me" and "baby, remind me". None of these lyrics are copyrightable, alone or in combination. **Indeed, a search of the U.S. Copyright Office database using the search term "Remind Me" reveals two hundred and seventy-nine (279) separate registrations of copyrighted works**

13

5456610.7/45187-00001

Case 3:13-cv-00414   Document 51   Filed 08/05/13   Page 13 of 20 PageID #: 348

**entitled "Remind Me" or some variation thereof**. *See* Exhibit C to Stevens Decl. As discussed above, "common words and clichéd language are not subject to copyright protection," whether alone or in combination. *Pendleton*, 605 F. Supp. at 485 (shared use of the "terms 'drink,' 'smoke,' and 'dirty joke'" in two country music songs did not give rise to viable claim for copyright infringement). *Accord, Acuff-Rose Music, Inc. v. Jostens, Inc.*, 155 F.3d 140, 144 (2d Cir. 1998) ("You've got to stand for somethin'/or you're gonna fall for anything" is not protectible); *Johnson v. Gordon,* 409 F.3d 12, 24 (1st Cir. 2005) ("You're the One for Me" is "too trite to warrant copyright protection"); *Gottwald*, 2011 WL 4344038, at *5 (lyrical phrase "drop top" not protectible); *Pyatt,* 2011 WL 2078531, at *8 ("caught up" lyrics not protectible); *Chapman v. Universal Motown Records Group*, No. 08 Civ. 3255 (LAP), 2010 WL 517480, at *4 (S.D.N.Y. Feb. 4, 2010) ("lean back" lyrics not subject to copyright).[13] The lyrics "remind me" and "baby, remind me" are unquestionably common and clichéd, and Plaintiff is not entitled to monopolize their use.

Crucially, the lyrics of the two songs **use** the unprotectible phrases "remind me" and "baby, remind me" in very different contexts. In Plaintiff's Composition, the narrator, who is alone on a porch drinking champagne while her partner is working late on their anniversary, examines an old photograph in which they were together drinking cheap wine together on that same porch. Her mood is pensive and sad, and she lacks confidence that the future will bring renewed romance and closeness. In contrast, in Defendants' Composition, a man and woman who are still engaged in a good relationship – but want to reignite the passionate physicality of

---

[13] The fact that the works at issue have the same title (*i.e.*, "Remind Me") is similarly irrelevant because the titles of songs are not copyrightable. 37 C.F.R. § 202.1(a) ("Words and short phrases such as names, titles and slogans" are not subject to copyright). *Accord, Chapman*, 2010 WL 517480, at *4.

14

their earlier days – engage in a sexually charged dialogue recalling the specific details of past intimate encounters. The concrete, anecdotal details of amorous activity in Defendants' Composition imbue it with a risqué tension that is entirely lacking from the Plaintiff's more chaste and sedate composition. Further, all of the lyrics of Plaintiff's Composition are written from one person's perspective – an individual who is waiting at home for a romantic partner who is working late. In sharp contrast, the lyrics of Defendants' Composition naturally make the song a duet because they constitute a conversation between two people in which they discuss how passionate their relationship used to be, and how they are both focused on re-capturing that physicality.[14]

In sum, "because the theme or idea of the two songs is not copyrightable . . . and because the manner of expression utilized in each song is clearly dissimilar . . . this action must be dismissed." *Pendleton*, 605 F. Supp. at 486.

### b. The Music Is Not Substantially Similar

Under the "modified ordinary observer" test, this Court should listen to the music of the two songs at issue. *Pollick*, 817 F. Supp. 2d at 1011 ("When a court is called upon to consider whether the works are substantially similar . . .' 'no discovery or fact-finding is typically necessary . . . .'") (quoting *Gaito,* 602 F.3d at 64). Defendants respectfully submit that the Court will recognize that they sound very different, and that they have no musical similarities between them which could support a claim of substantial similarity.

The recent music copyright cases of *Gottwald v. Jones* and *Pyatt v. Raymond* are

---

[14] Given that the character of the romantic partner is away at work during the duration of Plaintiff's Composition, the Amended Complaint's characterization of that song as an intended "duet" (*id.* ¶¶ 24, 31), is entirely implausible.

15

5456610.7/45187-00001
Case 3:13-cv-00414   Document 51   Filed 08/05/13   Page 15 of 20 PageID #: 350

instructive. In these cases, the court applied the "ordinary observer test" in granting Rule 12(b)(6) motions. In both cases, the court found that there was no substantial similarity between the music of the pop songs at issue and dismissed claims for copyright infringement. *Gottwald*, 2011 WL 4344038, at *5; *Pyatt*, 2011 WL 2078531, at *8.

Similarly, the Eighth Circuit recently affirmed a lower court's dismissal of a complaint alleging infringement of a song entitled, "What's Cooking In This Book," by Prince's song, "U Got the LOOK." The Eighth Circuit noted that the district court had complete copies of each song and "was therefore in proper position to apply the substantial similarity test." *Nelson*, 873 F.2d at 1143. The Court of Appeals emphasized that analyzing the similarity of expression does not require an expert opinion, but rather is based on the test of the ordinary, reasonable person – a determination that the district court was capable of making. *Id*. at 1143-1144.

Finally, in another recent case, a songwriter alleged that Kanye West and others committed copyright infringement when they released a song "virtually identical in sound and melody" to a song previously recorded and copyrighted by plaintiff. *Staggs v. West*, No. PJM 08-728, 2009 WL 2579665, at *1 (D. Md. 2009). On defendants' motion to dismiss, the district court listened to the music and compared the lyrics of the two songs at issue to see if substantial similarity could be found by an "ordinary listener – the Court in this case." *Id*. at *3. The court then granted the motion because there was no "substantial similarity" between the plaintiff's and defendants' songs. *Id*.

Defendants respectfully submit the same analysis can and should be applied here. The Court should listen to Plaintiff's Composition and Defendants' Composition, and conclude their music is not substantially similar. Once the generic elements of these compositions attributable to the fact that they are both contemporary country music songs are filtered out, no ordinary

16

listener could "regard their aesthetic appeal as the same." *Pollick*, 817 F. Supp. 2d at 1011 (citation omitted).

Notably, the Amended Complaint does not allege any musical similarities other than the music which accompanies the words "remind me" and "baby, remind me" in the two works. Defendants respectfully submit, that in listening to the works, the Court will conclude that the music which accompanies these words sounds very different. Accordingly, Plaintiff's allegation that this music "sound[s] essentially the same to the lay listener" is simply implausible and should be disregarded by the Court pursuant to *Iqbal* and *Twombly*. *Accord, Gaito,* 602 F.3d at 64 ("In copyright infringement actions, 'the works themselves supersede and control contrary descriptions of them,' including 'any contrary allegations, conclusions or descriptions of the works contained in the pleadings.'") (citations omitted). Pointedly, even Plaintiff concedes that "the melodies that accompany" the words "remind me" and "baby, remind me" in each of the two works "are constantly varied" – *i.e.*, different from each other. (Am. Compl. ¶ 46.)

Moreover, in adjudicating this motion to dismiss, the Court should disregard the alleged musicological similarities between the works cited in the Amended Complaint – such as their alleged shared use of "a minor 3rd interval or a perfect 4th interval" – because those similarities (even assuming *arguendo* they exist) are imperceptible to an ordinary observer. Any similarities between the works at issue which are not discernible to the popular audience at which country music is directed – and may (at most) be discernible to a trained musicologist – have no economic value and therefore are **not** protected by the Copyright Act. As the Second Circuit explained in the seminal *Arnstein v. Porter* case (which concerned the alleged infringement of a pop music composition):

17

> The plaintiff's legally protected interest is not . . . his reputation as a musician but his interest in the potential financial returns from his compositions which derive from the lay public's approbation of his efforts. The question, therefore, is whether defendant took from plaintiff's works so much of what is pleasing to the ears of lay listeners, who comprise the audience for whom such popular music is composed, that defendant wrongfully appropriated something which belongs to the plaintiff . . . **The impression made on the refined ears of musical experts or their views as to the musical excellence of plaintiff's or defendant's works are utterly immaterial on the issue of misappropriation** . . . .

154 F.2d 464, 473 (2d Cir. 1946) (emphasis added). This *Arnstein* standard has been cited with approval by the Sixth Circuit for use in copyright-infringement cases such as the action at bar, in which "the lay audience purchases [the allegedly infringing] product at issue, and where the lay audience's untutored judgment determines whether the product will sell." *Kohus,* 328 F.3d at 856 (citing *Arnstein*, 154 F.2d at 473).[15]

Here, there is no question that both Plaintiff's Composition and Defendants' Composition are directed at a "lay audience." Because no reasonable lay listener would find the music in these songs to sound remotely alike, Plaintiff's copyright infringement claim must fail.

---

[15] Indeed, the Sixth Circuit has expressly concurred that, "**where** . . . **the subject matter is not complex or technical**, such as a computer program or a functional object, . . . but instead involves a literary work aimed at a general audience, **expert testimony will seldom be *necessary* to determine substantial similarity**." *Stromback*, 384 F.3d at 295 (emphasis added) (italics in original). Plaintiff's attempt to aver "expert" testimony in her Amended Complaint is entitled to no weight.

18

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that their Motion to Dismiss the Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), be granted in its entirety.[16]

Respectfully submitted,

s/ Jane G. Stevens
Jane G. Stevens (*pro hac vice*)
Jeffrey M. Movit (*pro hac vice*)
Mitchell Silberberg & Knupp LLP
12 East 49th Street, 30th Floor
New York, New York 10017
Phone: (917) 546-7701

Timothy L. Warnock
Riley Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, Tennessee 37203
Phone: (615) 320-3700

*Counsel for EMI April Music Inc. and John Kelley Lovelace*

s/ Robb S. Harvey
Robb S. Harvey (Tenn. BPR No. 011519)
Heather Hubbard (Tenn. BPR No. 023699)
Keith Randall (Tenn. BPR No. 030313)
Waller Lansden Dortch & Davis LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
Phone: (615) 244-6380

*Counsel for Brad D. Paisley, Carrie Marie Underwood, Charles C. DuBois, Frank M. Rogers, Sea Gayle Music, LLC, and Sony Music Entertainment*

---

[16] Defendants reserve their right to seek an award of their fees and costs against Plaintiff pursuant to 17 U.S.C. § 505.

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that on August 5, 2013, a true and exact copy of the foregoing has been served via the Electronic Case Filing system of the United States District Court for the Middle District of Tennessee, which will automatically send email notification of such filing to the following attorneys of record:

Richard G. Sanders, Jr.
Aaron Sanders PLLC
11 Lea Avenue, Suite 606
Nashville, TN 37210

C. Caleb Connor
Kenneth L. Connor
Connor & Connor, LLC
224 Park Avenue SE
Aiken, South Carolina 29801

                                            s/Jane G. Stevens
                                            Counsel

20

5456610.7/45187-00001
Case 3:13-cv-00414   Document 51   Filed 08/05/13   Page 20 of 20 PageID #: 355