UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AMY ELIZABETH CONNOR BOWEN, ) | |
| ) | |
| Plaintiff, ) | Case No. 3-13-0414 |
| ) | Judge Trauger |
| vs. ) | Magistrate Judge Bryant |
| ) | |
| BRAD DOUGLAS PAISLEY, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANTS' REPLY MEMORANDUM OF LAW
## IN FURTHER SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT

Defendants Brad Paisley, Carrie Underwood, John Kelley Lovelace, Chris DuBois, Frank Rogers, Sea Gayle Music, LLC, EMI April Music Inc., and Sony Music Entertainment d/b/a Arista Nashville respectfully submit this Reply Memorandum of Law in Further Support of Defendants' Motion to Dismiss the Amended Complaint in its entirety.[1]

## PRELIMINARY STATEMENT

Three important concessions emerge from Plaintiff's opposition brief ("Opp. Mem"): (1) the Court may, upon Defendants' motion, look at the lyrics and listen to the two songs; (2) in deciding the question of whether the works are substantially similar, the Court must first filter out trite, commonplace and unprotectible expression; and (3) acting as an "ordinary observer," the Court may determine that the two works are not "substantially similar". Plaintiff has now joined with Defendants in inviting the Court to undertake this effort. Defendants submit that, upon doing so, this Court will find that the two songs in issue are not substantially similar, and

---

[1] Defined terms, as used in Defendants' Memorandum of Law In Support of Motion to Dismiss ("Def. Mem.") will be adopted herein.

1

that this case should be dismissed.

## POINT I

### Based Upon the Undisputed "Lay Observer" Standard, the Court Should Listen to the Works in Issue and Decide They Are Not Substantially Similar

The test for deciding this Motion to Dismiss is undisputed. Plaintiff has conceded that it is entirely proper for the Court to listen to the songs in issue, filter out unprotectible material, and then determine "whether the work is recognizable by an ordinary observer as having been taken from the copyrighted source". *Bridgeport Music, Inc. v. UMG Recordings, Inc.,* 585 F.3d 267, 276 (6th Cir. 2009).[2] Emphasizing the undisputed nature of the applicable standard, Plaintiff states:

> **"The Plaintiff joins with the Defendants to invite the Court to listen to the two songs to determine whether a reasonable jury could possibly find that the Defendants have appropriated a portion of [Plaintiff's Composition] that is recognizable as having been taken from [that work]".**

Opp. Mem. at 22-23 (emphasis added). Defendants respectfully submit that, upon listening to Plaintiff's Composition and Defendant's Composition, the Court will conclude that no reasonable jury could find that the allegedly infringing portions of Defendants' Composition – *i.e.,* the music which accompanies the words "remind me" and "baby remind me" – are recognizable as having been taken from Plaintiff's Composition.

Even though the test for deciding Defendant's motion is undisputed, Plaintiff nonetheless asserts several confusing arguments pursuant to which she wrongly contends that Defendants

---

[2] Plaintiff's quibbles with Defendants' articulation of the operative standard is a tempest in a teapot. Whether one uses the articulation of the substantial similarity standard from *Bridgeport, id.*, or the functionally equivalent standard articulated in *Stromback v. New Line Cinema*, 384 F.2d 283 (6th Cir. 2004); *Kohus v. Mariol,* 328 F.3d 848 (6th Cir. 2003) or *Pollick v. Kimberly-Clark Corp.*, 817 F. Supp.2d 1005 (E.D.M.D.) (s*ee* Def. Mem. at 2, 3, 9), the result is the same: the two works in issue are not substantially similar.

have somehow asked the Court to apply incorrect standards for assessing: (a) the "substantial similarity" (or lack thereof) of the works at issue; and (b) the sufficiency of her Complaint under Fed. R. Civ. P. 12. As explained below, these arguments should be rejected by the Court.

## POINT II

**Plaintiffs' Arguments Regarding "Substantial Similarity" Are Incorrect and Irrelevant**

Plaintiff's contentions that Defendants have asked the Court to apply an incorrect "substantial similarity" analysis are without merit.

*First*, Plaintiff wrongly asserts that the Defendants have failed to identify for the Court any elements of the works at issue which are unprotectible, and thus should be "filtered out" by the Court before comparing the works. Opp. Mem. At 2, 18, 23. To the contrary, Defendants set forth in their moving brief the full lyrics of the two songs in issue, and demonstrated that other than the unprotectible phrases "remind me" and "baby, remind me", the lyrics have *nothing* in common. Def. Mem. at 12-14. Defendants also provided a detailed description of the different contexts in which these clichéd words appear in the two works, and the extensive differences in the overall feel and thrust of the two works. *Id.* at 14. With respect to the music accompanying these trite phrases, Defendants properly invited the Court to ignore Plaintiff's irrelevant musicological opinions and to proceed to the lay observer test, in which the Court is to listen to the works themselves to determine if the music is substantially similar. Defendants did not provide a detailed musicological rebuttal to the musicological allegations of the Complaint because no "fact finding" is necessary or appropriate when a court is called upon to consider if two musical works are substantially similar. *See* Def. Mem. at 15.

Notwithstanding, Defendants pointed out the many differences in the two compositions that Plaintiff herself was compelled to admit, including different and constantly varying melodies

as the underbed of the trite lyrical phrases at issue. Def. Mem. at 6. Plaintiff's continuing reliance upon musicological technicalities such as alleged "shared intervals" that are not discernible to the lay listener is nothing more than a blatant attempt to distract the Court with irrelevant matter.

Plaintiff now confirms by her opposition that the only portion of her song that she claims has been appropriated by the Defendants' Composition is the small portion of what she denominates as the "hook" of her song, consisting of those common place and trite lyrical phrases "remind me" and "baby, remind me" and the accompanying music. Significantly, nowhere in Plaintiff's opposition is any claim that these lyrical phrases are not commonplace or trite. Rather, Plaintiff glosses over this indisputable conclusion in her analysis of substantial similarity, instead urging upon this Court the alleged "qualitative" and "quantitative" importance of the portion in issue.[3]

*Second*, Plaintiff attempts to take Defendants to task for not citing to the *Bridgeport* opinion (and its reference to the concept of "fragmented literal similarity"), thereby wrongly implying (without citation to authority) that the substantial similarity inquiry is different when only portions or "fragments" of a work are involved. It is not.[4]

---

[3] Plaintiff's articulation of what exactly is the "hook" of her song is a moving target. Thus, having first defined a "hook" as a "musical and lyrical phrase that is repeated", she then claims that her song has multiple "hooks", and that the "hooks" accompany the many renditions of the lyrics "Remind me" and "Baby, Remind me", suggesting that her hook is only the musical phrase and not the music. She then claims that the "hooks are accompanied by a nearby partner phrase" "Baby, Remind Me", and that those hooks are not the same as other hooks but "musically echo[] the hook". *See* Opp. Mem. at 8, 22-23. Given these inconsistencies and ambiguities, even if it were necessary and appropriate to respond to Plaintiff's musicological analysis and her "qualitative" and "quantitative presentation" on this motion (which it is not), it is impossible to do so.

[4] The terms "fragmented literal similarity" and "comprehensive non-literal similarity" are complicated names for simple, common-sense concepts describing the nature of a plaintiff's

(…continued)

Defendants do not dispute that the taking of a small portion of a work – if that portion is protectible and qualitatively important to the plaintiff's work – may give rise to a claim for infringement. However, the Sixth Circuit's "lay observer" test remains the law with respect to the determination of substantial similarity – regardless of whether the plaintiff alleges that a portion of its song, or the entire essence of its song, has been copied. Indeed, analysis of copyright cases, including those cited by Plaintiff, shows that the vast bulk of plaintiffs assert claims that only involve portions (or key phrases) of songs that were allegedly infringed. This was indeed the case in *Bridgeport*, 585 F.3d at 275-279 (wherein the phrase "Bow wow wow, yippie yo, yippie yea", together with rhythmic panting and a dog barking - - all "unique" and "iconic" elements of a famous work - - were alleged to have been "literally copied".). Whether a claim of music copyright infringement rests upon only a portion of the work ("fragmented literal" similarity), or upon the fundamental essence of the entire work ("comprehensive non-literal" similarity), or on some combination of the two, the substantial similarity test in the Sixth Circuit remains the same: a reasonable lay listener must be able to **hear** the alleged similarities to find that the similarity is substantial, *i.e.,* actionable.

*Third,* Plaintiff has set forth an irrelevant discussion regarding how she thinks Defendants may have had access to her Composition. However, Defendants have conceded access (without

---

(…continued)
claim. Namely, two works may be found to be substantially similar for purposes of copyright infringement if: (a) the defendant plagiarized certain passages (or "fragments") of the plaintiff's work, but not the entirety of the plaintiff's work; or (b) the defendant mimicked the overall essence of the plaintiff's work, but did not literally copy any particular passage of that work. The former is sometimes called "fragmented literal similarity" and the latter is sometimes called "comprehensive non-literal similarity." *See, e.g., Werlin v. Reader's Digest Ass'n, Inc.*, 528 F. Supp. 451, 462 (S.D.N.Y. 1981). Thus, the "fragmented literal similarity" concept merely compares two works to determine whether any protectible portions of the plaintiff's work (as opposed to the plaintiff's entire work) were improperly appropriated in the defendant's work.

prejudice) for purposes of this motion, so this exercise is unnecessary. Moreover, because there is no substantial similarity here, access is irrelevant. *Wickham v. Knoxville International Energy Exposition, Inc.* 739 F.2d 1094, 1097 (6th Cir. 1984) ("No amount of proof of access will suffice to show copying if there are no similarities").

*Fourth*, Plaintiff's argument that the Court should consider the Unregistered Recording (denominated by Plaintiff as the "Creagh Demo") also misses the point. Defendants have not, as Plaintiff suggests, confused her claims of infringement of her musical composition with a claim for infringement of a sound recording. Opp. Mem. at 16-17. In registering her Composition, Plaintiff did not supply the Copyright Office with notated sheet music but only with Plaintiff's Registered Recording (designated by Plaintiff in her opposing brief as the "Original Demo"). Plaintiff's Registered Recording is therefore the representation of the underlying registered musical composition. To the extent that there are similarities between the composition embodied in the Registered Recording and the composition embodied in the Unregistered Recording, the Court need not listen to the Unregistered Recording to hear those similar portions. Because the composition embodied in the Unregistered Recording varies in places from the composition embodied in the Registered Recording (as the Plaintiff in her response concedes, *see* Opp. Mem. at 17), the composition embodied in the Unregistered Recording is a derivative work, which has not been registered. Any compositional elements of the Unregistered Recording which are different from the composition embodied in the Registered Recording cannot be the basis of Plaintiff's infringement claim. *See Murray Hill Publ'ns. v. ABC Communs*, 264 F.3d 622, 630 (6th Cir. 2001).

*Finally*, Plaintiff makes the argument that because there is not a plethora of Sixth Circuit cases granting dismissal of a copyright infringement claim on a Rule 12(b)(6) motion, this Court,

6

5519697.7/45187-00001
Case 3:13-cv-00414   Document 57   Filed 09/19/13   Page 6 of 11 PageID #: 554

for that reason, should not take that step here. Plaintiff's view of jurisprudence is short-sighted to say the least, and should be rejected. The propriety and availability of the relief sought by Defendants is evident from the cases cited by Defendants in their moving brief at pages 11 to 17. Even the Plaintiff concedes in her opposition that the Court can "take the question out of the fact-finder's hands" in circumstances where "no reasonable trier of fact could find substantial similarity." Opp. Mem. at 15. That is exactly the case here. This Court should follow the lead of those courts that have dismissed copyright cases on Rule 12 (b)(6) motions where, acting as a lay observer, substantial similarity cannot be found between the songs in dispute, and further the policy of the Sixth Circuit, as enunciated in *Nat'l Bus. Dev. Servs. v. Am. Credit Educ.& Consulting, Inc.,* 99 Fed. Appx. 509, 511 (6th Cir. 2008), by ending this litigation before Defendants are forced to expend further resources defending Plaintiff's legally insufficient claim.

## POINT III

### Plaintiff's Rule 84 Argument Should Be Rejected

In another attempt to avoid dismissal, Plaintiff argues that the Amended Complaint should be considered exempt from the "plausibility" standard in *Tombly* and *Iqbal* because it recites the prerequisites of an alleged copyright infringement claim from Form 19.[5] (Opp. Mem. at 9-10). To support this argument, Plaintiff cites two Federal Circuit opinions and focuses on a Magistrate Judge's opinion from the Western District of New York – none of which are copyright infringement cases. (*Id*. at 10). Plaintiff argues that these few cases should lead this Court to find that under Federal Rule of Civil Procedure 84, any complaint which satisfies the

---

[5] Plaintiff recites the essential elements of Form 19 as (1) the date on which the plaintiff created the work, (2) that the work is original and may be copyrighted, that the copyright was registered, (4) that the defendant infringed the copyright by promulgating another work, (5) the identity of the allegedly infringing work, (6) that the infringing work was copied, and (7) that the infringing will continue.

requirements of the forms included in the appendices of the Civil Rules satisfies Rule 8, is therefore immune from further review, and cannot be dismissed for failure to state a claim. (*Id*.) This is nonsense. Under Plaintiff's interpretation, a court would never be able to conduct its own independent review of the musical works at issue in a copyright infringement action to determine if the claims were "plausible".[6]

Plaintiff's position ignores compelling authority from multiple courts which hold that compliance with the forms is no longer the standard for sufficiency of a pleading and that complaints must now satisfy the standard set forth in *Twombly* and *Iqbal*. For example, in *Proxyconn Inc. v. Microsoft Corp.*, 2012 WL 1835680 at *3-4 (C.D. Ca. May 16, 2012), similar to here, the plaintiff argued, in response to a motion to dismiss, that its compliance with the requirements of Form 18 for its patent infringement claims immunized it from the "plausibility" standard of *Twombly* and *Iqbal*. *Id*. at *3. The court, while recognizing the existence of a split in authority, found that Rule 84 provides no such protection and stated:

> The Court is persuaded by those authorities which hold that threadbare recitations of the language in Form 18 is no longer sufficient to state a claim. As those other courts eloquently explain, "the forms purporting to illustrate what level of pleading is required do not reflect the sea change of *Twombly* and *Iqbal*." *Tyco Fire Products LP v. Victaulic Co.,* 777 F.Supp.2d 893, 905 (E.D.Pa.2011) (granting dismissal of "sparse pleading" that merely complied with Form 18). These courts reason that, "notwithstanding the suggestion in Form 18 that specificity is not necessary, most courts have, in the wake of *Twombly* and *Iqbal,* required some level of specificity." *Wistron Corp. v. Phillip M. Adams & Associates, LLC,* C–10–4458 EMC, 2011 WL 4079231, *4 (N.D.Cal. Sept.12, 2011).
>
> Furthermore, since *McZeal,* the Federal Circuit has recognized that "Form 18 is a sample pleading for patent infringement, but ... was last updated before the Supreme Court's *Iqbal* decision." *Colida v. Nokia, Inc.,* 347 F. App'x 568, 571

---

[6] Taken to its absurd result, under the Plaintiff's proposed interpretation of Rule 84, if a complaint contained the elements of Form 19, a court could not on a motion to dismiss consider the plausibility of a claim alleging that the children's book "Goodnight Moon" infringed upon the novel "Gone With The Wind."

8

5519697.7/45187-00001
Case 3:13-cv-00414   Document 57   Filed 09/19/13   Page 8 of 11 PageID #: 556

(Fed. Cir. 2009). Given that the Federal Circuit itself recognizes that Form 18 may be inadequate, this Court "agrees with those courts that apply *Iqbal* and *Twombly* 's 'plausibility' standard to direct patent infringement actions." *Medsquire LLC v. Spring Med. Sys. Inc.,* 2:11–CV–04504–JHN, 2011 WL 4101093, *2–3 (C.D. Cal. Aug. 31, 2011).

*Id.* at *4. After reaching this conclusion, the Court found the plaintiff's complaint inadequate under the "plausibility" standard, and granted the defendant's motion to dismiss. *Id.*; *see also Rovi Corp. v. Hulu, LLC*, 2012 WL 261982 at *2 (D. Del. Jan. 12, 2012)(applying Iqbal/Twombly standard); *Illinois Tool Works Inc. v. Elektromanufaktur Zangenstein Hanauer GmbH & Co. KGaA*, 2011 WL 6002967 at *3 (E.D. Wisc. Nov. 30, 2011)(same)(on appeal); *Medsquire LLC v. Spring Medical Systems Inc.*, 2011 WL 4101093 at *2 (C.D. Ca. Aug. 31, 2011)(same).

Indeed, in one of the few cases cited by Plaintiff, the Federal Circuit recognized that, notwithstanding compliance with Form 18, implausible claims should still be dismissed. *K-Tech Telecomm., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013) ("[W]e think it clear that an implausible claim for patent infringement rightly should be dismissed."); *see also* 14 Moore's Federal Practice ¶ 84.02[1] (3d ed. 2012) ("[T]he Supreme Court's decisions have cast doubt on the continued viability of the complaints included in the Appendix of Forms.").

Moreover, the Sixth Circuit, after the adoption of Form 19, has *expressly held* that the "plausibility" standard for assessing the sufficiency of pleadings at the Rule 12 stage is particularly important in copyright infringement actions, which lend themselves to abusive litigation. *Nat'l Bus. Dev. Servs. v. Am. Credit Educ. & Consulting, Inc.*, 299 Fed. Appx. 509, 511 (6th Cir. 2008).

Here, Form 19 (copyright infringement), like Form 18 (patent infringement), has not been updated since the Supreme Court issued its pair of controlling Rule 12 decisions. *See* Fed. R. Civ. P., app., Form 19 (added Apr. 30, 2007). This Court should reject Plaintiff's blanket claim

9

of immunity and apply the Supreme Court's "plausibility" standard on motions to dismiss under Rule 12. Under that standard, Plaintiff's implausible copyright claim must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that their Motion to Dismiss the Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), be granted in its entirety.

Respectfully submitted,

s/ Jane G. Stevens
Jane G. Stevens (*pro hac vice*)
Jeffrey M. Movit (*pro hac vice*)
Mitchell Silberberg & Knupp LLP
12 East 49th Street, 30th Floor
New York, New York 10017
Phone: (917) 546-7701

Timothy L. Warnock
Riley Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, Tennessee 37203
Phone: (615) 320-3700

*Counsel for EMI April Music Inc. and John Kelley Lovelace*

s/ Robb S. Harvey
Robb S. Harvey (Tenn. BPR No. 011519)
Heather Hubbard (Tenn. BPR No. 023699)
Keith Randall (Tenn. BPR No. 030313)
Waller Lansden Dortch & Davis LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
Phone: (615) 244-6380

*Counsel for Brad D. Paisley, Carrie Marie Underwood, Charles C. DuBois, Frank M. Rogers, Sea Gayle Music, LLC, and Sony Music Entertainment*

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that on August 19, 2013, a true and exact copy of the foregoing has been served via the Electronic Case Filing system of the United States District Court for the Middle District of Tennessee, which will automatically send email notification of such filing to the following attorneys of record:

Richard G. Sanders, Jr.
Aaron Sanders PLLC
11 Lea Avenue, Suite 606
Nashville, TN 37210

C. Caleb Connor
Kenneth L. Connor
Connor & Connor, LLC
224 Park Avenue SE
Aiken, South Carolina 29801

                                                             s/Jane G. Stevens
                                                             Counsel