# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| AMY ELIZABETH CONNOR BOWEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:13-cv-0414 |
| v. ) | Judge Aleta A. Trauger |
| ) | |
| BRAD DOUGLAS PAISLEY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

The plaintiff has filed a Motion for Leave to Amend Complaint (Docket No. 96), to which the defendants have filed a Response in opposition (Docket No. 101).

On July 19, 2013, the plaintiff filed an Amended Complaint, which remains the operative pleading. (Docket No. 39.) The Amended Complaint alleged that the plaintiff recorded a solo acoustic performance of *Remind Me* (the "Original Recording"), which she submitted to the U.S. Copyright Office as the deposit copy of the song. She received a Certificate of Registration for the song dated December 3, 2008. The plaintiff also alleged that, in late 2008, she cut a new version of the song for Rod Creagh d/b/a 3 Wire Music (the "Creagh Demo Recording"), which she did not register with the U.S Copyright Office. The Amended Complaint asserted a single claim: that the defendants infringed her copyright interest in the song (¶¶ 69-76). In support of this claim, the plaintiff alleged that the Paisley/Underwood version of the song was substantially similar to the song (¶ 40), that multiple defendants collaborated in taking copyrighted elements of the song in composing the Paisley/Underwood version, and that the defendants profited from the infringing activity. The Amended Complaint attached both the Original Recording (which had been copyrighted) and the Creagh Demo Recording (which had not).

1

On August 5, 2013, the defendants filed a Motion to Dismiss. (Docket No. 50.) In their Memorandum in support of that motion, the defendants argued, *inter alia*, that the allegations concerning the Creagh Demo Recording were irrelevant because Section 411(a) of the Copyright Act requires that a copyright be registered before it can be asserted as a basis for infringement in federal court. (Docket No. 51 at p. 11.) In her response, the plaintiff characterized the Creagh Demo Recording as "hardly crucial to Plaintiff's case" because she was asserting copyright interests in her composition, not in a particular sound recording. (Docket No. 56 at p. 16.) The plaintiff also conceded that the Creagh Demo Recording contained material not present in the Original Recording. However, the plaintiff argued that the court could listen to the song because it was "as valid a way to experience the Original Song as the Original Demo Recording[.]" (*Id.* at p. 17.) In its Reply, the defendants argued that the Creagh Demo Recording constituted an unregistered work whose elements, to the extent that they differed from the Original Recording, could not support the plaintiff's infringement claim. (Docket No. 57.)

In its December 3, 2013 Memorandum denying the Motion to Dismiss, the court acknowledged the parties' arguments concerning the Creagh Demo Recording. (Docket No. 58 at p.14.) However, the court found that it did not need to rely on the Creagh Demo Recording (which it characterized as a "derivative" and unregistered recording of the song) because plausibly protectable elements in the Original Song supported a finding of substantial similarity without reference to the Creagh Demo Recording. (*Id.*) In a footnote, the court also reserved judgment as to the potential relevance of the Creagh Demo Recording to the plaintiff's claims. (*Id.* at n. 10.)

On November 24, 2014, the court entered an Initial Case Management Order (Docket No. 83), which set a deadline of March 9, 2015 to add parties or to amend pleadings on the issue of liability. (Docket No. 83.)

The plaintiff's deposition was taken on July 13, 2015 and on August 10, 2015. On July 13, 2015, the plaintiff was asked whether she claimed a copyright in the Creagh Demo Recording, to which she responded that she did not. After her deposition concluded on August 10, 2015, the plaintiff decided to deposit the Creagh Demo Recording. On August 27, 2015 (effective August 11, 2015, the date of application), the plaintiff received a Certificate of Registration in the musical arrangement embodied in the Creagh Demo Recording. (Docket No. 96, Attach. No. 4.)

On September 4, 2015, the plaintiff filed the instant motion, which seeks leave to file a Second Amended Complaint that would add allegations related to the Creagh Demo Recording and the new certificate of registration.

Normally, motions for leave to amend are reviewed under the deferential standard of Federal Rule of Civil Procedure 15(a)(2); that is, the court "should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2). Under this standard, the district court has substantial discretion and can deny the motion for leave "based on undue delay, bad faith or dilatory motive or futility of amendment." *Pedreira v. Ky. Baptist Homes for Children*, 579 F.3d 722, 729 (6th Cir. 2009) (internal quotation omitted). The court may also deny such a motion due to the "repeated failure [of the moving party] to cure deficiencies" or because of "undue prejudice" to the non-moving party; but, in general, the mandate that leave is to be "freely given . . . is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

However, "a different standard applies when a proposed amendment is so late that it would require the modification of a Rule 16 scheduling order. *Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 449 (6th Cir. 2010). Indeed, Fed. R. Civ. P. 16 permits the modification of a scheduling order only for "good cause" and with the court's consent." Fed. R. Civ. P. 16(b)(4). The heightened standard "ensure[s] that at some point both the parties and the pleadings will be fixed," only subject to modification based upon a showing of good cause. *Leffew v. Ford Motor Co.*, 258 F. App'x 772, 777 (6th Cir. 2007); *Korn*, 382 F. App'x at 449 (citing *Leary v. Daeschner*, 349 F.3d 888, 905-09 (6th Cir. 2003)).

Good cause is measured by the movant's "diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625-26 (6th Cir. 2002) (internal quotation omitted). In considering "good cause," the court must also consider – as one "consideration that informs" the analysis – whether the defendant would be prejudiced by the amendment and the modification of the scheduling order. *Korn*, 382 F. App'x at 450. Even if no prejudice is evident, the plaintiff still "must [] explain why he failed to move for the amendment at a time that would not have required a modification of the scheduling order." *Korn*, 382 F. App'x at 450. Where the plaintiff's explanation for the delay is simply insufficient or not credible, it is appropriate for the court to deny the motion for leave to amend. *Id.*; *Commerce Benefits Grp. v. McKesson Corp.*, 326 F. App'x 369, 376 (6th Cir. 2009). If the plaintiff establishes "good cause," then the court proceeds to the more permissive Rule 15(a)(2) analysis. *Commerce Benefits Grp.*, 326 F. App'x at 376.

The defendants argue that the plaintiff has not shown good cause for the amendment at this time, that the defendants would suffer substantial prejudice if the court were to grant the motion, and the plaintiff has not otherwise met the Rule 15 factors. The court agrees with the

4

defendants that the plaintiff has not shown good cause for the late amendment. The defendants challenged the relevance of the unregistered Creagh Demo Recording at the outset of this litigation, and the court's December 3, 2013 opinion specifically referenced the parties' dispute regarding the relevance of that recording. Thus, the plaintiff was on notice well in advance of the March 3, 2015 amendment deadline that the defendants were challenging the relevance of the Creagh Demo Recording and her ability to premise her infringement claims on that recording in any respect. Nothing prevented the plaintiff from applying for a copyright registration before the March 3, 2015 deadline – she had made the recording in 2008 and could have applied to register it at any point in this lawsuit. The fact that the defendants asked a question about the Creagh Demo Recording at the plaintiff's deposition was not a revelation; to the contrary, it was predictable in light of the defendants' arguments at the Rule 12 stage nearly two years earlier.

The defendants also would suffer prejudice from a late amendment, which would likely require additional discovery on issues not previously addressed during the fact discovery period. Given the unjustified timing of the plaintiff's request, there is no need to reopen expired deadlines – likely upsetting both the fact discovery and expert discovery deadlines – for that purpose.

The court therefore finds that the plaintiff has not established good cause for the proposed amendment, as required by Rule 16. The Motion for Leave to Amend is therefore **DENIED**.

Enter this 24th day of September 2015.

_____
ALETA A. TRAUGER
United States District Judge